(R.D. 11475)

PANATION TRADE CO. *v.* UNITED STATES

Entry No. 891874–1/2, etc.

(Decided January 24, 1968)

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Dominick M. Minerva*, trial attorney), for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation between counsel for the respective parties:

MR. SCHWARTZ: On R63/3161, 34–T, the appeal is abandoned with regard to the Pipe Companions. That eliminates one class.

JUDGE WATSON: That is 34–T?

MR. SCHWARTZ: Yes, one invoice covering an item described as Pipe Companions. The appeal is abandoned as to that merchandise on that invoice. The appeal is still open as far as the other invoice is concerned. There is another invoice covering cigarette lighters in the same entry.

Now, with regard to the cigarette lighters with or without other words of description, covered by reappraisement R63/3161, 34–T, reappraisement R64/23699, calendar number 42–T, reappraisement R65/18, that is 43–T, reappraisement R66/439, which is 54–T, reappraisement R65/14725, which is 48–T, and reappraisement R66/6259, which is 61–T, I offer to stipulate that the export value, as defined in Section 402(b) of the Tariff Act of 1930, as amended, is equal to the invoice unit value, exclusive of any charges added thereto by the Appraiser over and above the invoice unit price.

MR. MINERVA: The Government will stipulate that the correct dutiable value is the invoice unit value.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved and that such value is equal to the invoice unit value.

Judgment will issue accordingly.